**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HAYWARD CLEVELAND**                                                                    **PLAINTIFF**

**v.**                              **CASE NO. 4:09-CV-00017 BSM**

**ARKANSAS STATE HOSPITAL**                                                      **DEFENDANT**

## ORDER

On January 12, 2009 *pro se* plaintiff brought a 42 U.S.C. § 1983 suit against the Arkansas State Hospital.  On February 4, 2009, a summons was filed with the Clerk of the Court.  On July 6, 2009, plaintiff mailed a letter to the court that the court will construe as a Rule 55 motion for entry of clerk's default.  For the reasons set forth below, the motion is denied and the plaintiff is ordered to show cause that he served the defendant properly and that the defendant is not immune from suit in this matter.

Plaintiff was charged with robbery in 1992 and was acquitted by reason of mental disease or defect.  He was then committed to the Arkansas State Hospital and the Arkansas Partnership Program for a period of ten years.  Plaintiff was discharged from the Arkansas Partnership Program in 2002.  Plaintiff alleges that his civil rights under 42 U.S.C. § 1983 were violated, that his detention constituted double jeopardy, and seeks punitive damages.  Plaintiff filed the summons with the Clerk of the Court on February 4, 2009, listing himself as the process server and defendant Arkansas State Hospital as recipient.  Plaintiff's motion states that a summons was issued in this matter and that the defendant had failed to respond in the allotted time period.  He requests judgment by default be taken against the defendant.

A state, municipal corporation, or "any other state-created governmental organization that is subject to suit" must be served by serving a copy of the summons and complaint to its chief executive officer or "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

It is not clear that plaintiff served the chief executive officer of defendant in accordance with Rule 4(j)(2), but it is clear that plaintiff has not complied with the remainder of that rule. Rule 4(c)(2) of the Federal Rules of Civil Procedure states that a summons must be served with the complaint by "[a]ny person who is at least 18 years old and not a party[.]" According to the summons, plaintiff has not served the defendant properly as he served the complaint himself. Furthermore, because plaintiff is not proceeding *in forma pauperis*, the provisions allowing for service to be made by a marshal are not applicable. *See* Fed. R. Civ. P. 4(c)(3).

In Arkansas, a plaintiff can serve a governmental organization or agency that is subject to suit by:

> delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.

Ark. R. Civ. P. 4(d)(7). It is not clear that plaintiff has properly served defendant Arkansas State Hospital as the summons merely lists Arkansas State Hospital as the party served with no indication that service was made on a particular individual.

The Arkansas Constitution, statutory law, and relevant case law all suggest a general immunity of the State and its agencies against suit. *See* Ark. Const. art. 5, § 20. Furthermore, suits cannot be brought against the state and its agencies. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999); *Deretich v. Office of Administrative Hearings, State of Minnesota*, 798 F.2d 1147, 1154 (8th Cir. 1986).

The court also notes that plaintiff has brought a number of cases against the defendant or its partners regarding this same set of facts. To wit, plaintiff has brought suit against the defendant seven times, including the current action, many of which have been dismissed for failure to prosecute or on the grounds that the defendant is immune as a state agency.

Accordingly, plaintiff is ORDERED to show cause that he has served the defendant properly and to show that defendant is not immune from suit in this matter. Plaintiff must respond within 30 days from the filing of this order or this matter will be dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED THIS 16th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE